UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMIE CLEMENS<br>c/o Hux Law Firm, LLC<br>3 Severance Circle #18147<br>Cleveland Heights, OH 44118<br><br>    Plaintiff,<br><br>  v.<br><br>DOLGEN MIDWEST, LLC DBA DOLLAR GENERAL<br>c/o Corporation Service Company<br>3366 Riverside Drive, Ste. 103<br>Upper Arlington, OH 43221<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Jamie Clemens, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Plaintiff Clemens is a resident of the City of Defiance, Defiance County, Ohio.

2. Defendant Dolgen Midwest, LLC dba Dollar General ("Dollar") foreign limited liability corporation conducting business at 403 Main St. Continental, Ohio 45831.

## JURISDICTION AND VENUE

3. Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Clemens is alleging a federal law claim arising under the Title VII of the Civil Rights Act of 1964 ("Title VII").

4. Venue is properly placed in the United States District Court for the Northern District of Ohio, Western Division, because it is the district court for the district, division, and county within which the Defendant operates and conducts business.

5. Prior to instituting this action, Clemens filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02120, alleging that Defendant and its agents had harassed and subjected her to a hostile work environment and sexual harassment based on her gender.

6. Clemens was mailed her Right to Sue Notice from the EEOC on or about July 29, 2021.

7. Clemens received her Right to Sue Notice from the EEOC on or about March 3, 2022.

8. A true and accurate copy of Clemens's Right to Sue Notice and Affidavit Confirming Date of Receipt is attached as Exhibit 1.

9. Clemens has properly exhausted her administrative remedies pursuant to 29 U.S.C. § 626(e).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.

## **FACTS**

12. Clemens is a former employee of Dollar.

13. On or about November 25, 2019, Dollar hired Clemens for employment.

14. Most recently, Clemens served as a keyholder at Dollar.

15. As a keyholder, Clemens was responsible for taking care of cashiers, closing the store, and stocking merchandise at Dollar.

16. On a few occasions, one frequent customer made sexual suggestive comments towards Clemens.

17. The customer also inappropriately touched Clemens' shoulder on numerous occasions in a way that made her uncomfortable.

18. Clemens was not the only female Dollar employee that the customer targeted with sexual comments.

19. Upon information and belief, this customer is a registered Tier III sex offender.

20. Multiple complaints were made about the customer's continued sexual harassment of female employees.

21. On or about May 1, 2020, the same customer came to Dollar and told Clemens that he was going to "fuck you [her]".

22. Clemens immediately informed her manager, Denise Meine, and Dollar's corporate office.

23. Unfortunately, Meine did not take any action to protect Clemens from further unwanted sexual advances and threats of sexual assault.

24. At the end of her shift, Clemens got a police officer to escort her to her call because of her fear of being sexually assaulted by the customer.

25. Eerily, the customer was waiting outside across the street from Dollar.

26. When confronted by the police officer, the customer denied making the threat to Clemens.

27. On or about May 4, Clemens asked the police officer that escorted her to her car if there had been any update into investigating the threat the customer made.

28. The police officer told her that there was no update.

29. Between May 4-8, 2020, Clemens went to the Putnam County Sheriff's Office to report the threat by the customer.

30. On or about May 8, 2020, Mein told Clemens that she spoke to Dollar's corporate office.

31. Mein told Clemens that if Clemens continued to ask what actions Dollar was going to take to protect her, she would be terminated.

32. In the same meeting, the police office that escorted Clemens also confronted her about going over his head to report the threat by the customer.

33. On or about May 11, 2020, Clemens was constructively discharged from Dollar.

34. Clemens told Mein that the reason she was constructively discharged was because Dollar was refusing to take any action to prevent further sexual misconduct by the customer.

## COUNT I:

## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

35. Clemens restates each and every paragraph of this Complaint as though it were fully restated herein.

36. Clemens was subjected to sexual harassment.

37. Specifically, Clemens was subjected to sexual harassment when a customer repeatedly subjected her to unwanted sexual advances and threatened to sexually assault her.

38. Defendant created and sustained a work environment of severe and pervasive sexual harassment by refusing to take any action to protect Clemens and other Dollar employees and threatening to fire Clemens if she continued to complain about the customer's unwanted sexual advances and threat to sexually assault her.

39. Defendant created and sustained a work environment that was intimidating, hostile, or offensive by refusing to take any action to protect Clemens and other Dollar employees.

40. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Clemens reported the sexual harassment to her supervisor.

41. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

42. As a direct and proximate result of Defendant's actions, Clemens has suffered and will continue to suffer injury and damages.

## COUNT II:

## RETALIATION IN VIOLATION OF TITLE VII

43. Clemens restates each and every prior paragraph of this complaint, as if it were fully restated herein.

44. As a result of the Defendant's discriminatory conduct described above, Clemens complained about the sexual harassment she was experiencing.

45. Specifically, Clemens complained by telling her supervisor about the unwanted sexual advances and threat to sexually assault her.

46. In response to Clemens's complaint of discrimination, Defendant retaliated against her by threatening to terminate her if she continued to complain of sexual harassment and constructively discharging Clemens.

47. Defendant's actions were retaliatory in nature based on Clemens's opposition to the unlawful discriminatory conduct.

48. Thus, Defendant's actions violated 42 U.S.C § 2000e-3(a)

49. As a direct and proximate cause of Defendant's retaliatory discrimination against and termination of Clemens she suffered and will continue to suffer damages.

## COUNT III:

## SEXUAL HARASSMENT IN VIOLATION OF R.C. §4112.02

50. Clemens restates each and every paragraph of this Complaint as though it were fully restated herein.

51. Clemens was subjected to sexual harassment.

52. Specifically, Clemens was subjected to sexual harassment when a customer repeatedly subjected her to unwanted sexual advances and threatened to sexually assault her.

53. Defendant created and sustained a work environment of severe and pervasive sexual harassment by refusing to take any action to protect Clemens and other Dollar employees and threatening to fire Clemens if she continued to complain about the customer's unwanted sexual advances and threat to sexually assault her.

54. Defendant created and sustained a work environment that was intimidating, hostile, or offensive by refusing to take any action to protect Clemens and other Dollar employees.

55. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Clemens reported the sexual harassment to her supervisor.

56. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of O.R.C. §4112.02(A).

57. As a direct and proximate result of Defendant's actions, Clemens has suffered and will continue to suffer injury and damages.

<strong>COUNT IV:</strong>

<strong><u>RETALIATION IN VIOLATION OF R.C. §4112.02(I)</u></strong>

58. Clemens restates each and every prior paragraph of this complaint, as if it were fully restated herein.

59. As a result of the Defendant's discriminatory conduct described above, Clemens complained about the sexual harassment he was experiencing.

60. Specifically, Clemens complained by telling her supervisor about the unwanted sexual advances and threat to sexually assault her.

61. In response to Clemens's complaint of discrimination, Defendant retaliated against her by threatening to terminate her if she continued to complain of sexual harassment and constructively discharging Clemens.

62. Defendant's actions were retaliatory in nature based on Clemens's opposition to the unlawful discriminatory conduct.

63. Defendant's actions violated R.C. §4112.02(I), which prohibits employers from retaliating against employees who oppose unlawful discriminatory conduct.

64. As a direct and proximate cause of Defendant's retaliatory discrimination against and termination of Clemens, she suffered and will continue to suffer damages.

## COUNT V:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Clemens restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Defendant intended to cause Clemens emotional distress, or knew that their acts or omissions would result in serious emotional distress to Clemens.

67. Defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

68. As a direct and proximate cause of Defendant's acts and omissions as set forth above, Clemens has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

69. As a direct and proximate cause of Defendant's conduct and the resulting emotional distress, Clemens has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Clemens demands from Defendant the following:

(a) Issue a permanent injunction:

   (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

   (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Clemens to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Clemens for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorney's fees and non-taxable costs for Clemens claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

    _____
    James J. Hux (0092992)
    **HUX LAW FIRM, LLC**
    3 Severance Circle #18147
    Cleveland Heights, Ohio 44118
    Phone: (937) 315-1106
    Fax:   (216) 359-7760
    Email: jhux@huxlawfirm.com

    *Attorney For Plaintiff*

## JURY DEMAND

Plaintiff Jamie Clemens demands a trial by jury by the maximum number of jurors permitted.

							_____
							James J. Hux (0092992)